THE STATE, EX REL. TENEZ CONSTRUCTION CORPORA-
TION, RELATOR, v. SAMUEL GARNER, INSPECTOR OF
BUILDINGS OF THE TOWN OF BLOOMFIELD, AND
MAYOR AND COMMON COUNCIL FOR THE TOWN OF
BLOOMFIELD, DEFENDANTS.

Argued January 21, 1926—Decided May 4, 1926.

**Zoning—Store and Apartment-House in Restricted Territory—
Alleged to be Against Public Policy, as the Building Would
Cut Off the View of Drivers of Automobles, Thus Promoting
the Occurrence of Accidents—Argument Specious—A Resi-
dence Would Produce the Same Result, and Owner of Prop-
erty Cannot be Deprived of His Rights in Such a Manner—
It is the Duty of Drivers of Motor Vehicles to Use Reasonable
Care in Their Driving.**

On rule to show cause why a peremptory or alternative
writ of *mandamus* should not issue.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Harry Levin*.

For the defendants, *Raymond F. Davis*.

PER CURIAM.

This case is before us on a rule to show cause why an
alternative or peremptory writ of *mandamus* should not issue
to direct Samuel Garner, inspector of buildings of the town
of Bloomfield, to issue a permit to the relator, the Tenez
Construction Corporation, for the erection of a building upon
premises owned by the relator at the southeast corner of
Franklin street and Berkeley avenue, in the town of Bloom-
field. The parties have stipulated the facts.

It is agreed that the relator is the owner of the tract in
question; that on May 9th, 1925, it duly submitted plans
and specifications for the erection of a brick apartment-house

two stories in height, with two stores on the ground floor. The plans and specifications were rejected upon the sole ground that the zoning ordinance of the town of Bloomfield had zoned the town so as to place the relator's property in a residential district. The property is located at the corner of two prominent thoroughfares. The brief of the respondents presents the argument that if the proposed building is erected it will shut off the view, of the drivers of automobiles driving west of Franklin street and driving north on Berkeley avenue, and thereby increase the danger to life and limb of those riding in the automobiles. Hence, the refusal to issue the permit was justified on the ground of public safety.

This argument is specious because the ordinance does not prevent the erection of residences on the relator's property. Residences would cut off the view of automobile drivers as effectively as an apartment-house with stores upon the ground floor. Furthermore, a landowner cannot be deprived of using his property for the purpose of erecting a building thereon, because the erection of the building would cut off the view of approaching automobiles. It is the duty of the drivers of automobiles approaching a corner to use reasonable care as to the manner of their approach. If this be done accidents will not occur. The case under consideration falls within the decision of *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712, which was affirmed and reported in 99 *Id.* 389. Counsel for the respondents cites the decisions of the courts of other states in his brief which are not in accord with the decisions reached in this state in the case above referred to. We must adhere to the decisions of New Jersey on this question.

A peremptory writ of *mandamus* is awarded to the relator.